## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JAMES RICHARD JOHNSON, | **:** | |
| Plaintiff, | **:** | Case No.  3:15cv00320 |
| vs. | **:** | District Judge Walter Herbert Rice |
| | | Chief Magistrate Judge Sharon L. Ovington |
| JUDGE ROBERT W. HUTCHESON, | **:** | |
| Greene County Juvenile Court Judge, | | |
| *et al*., | **:** | |
| Defendants. | **:** | |

## REPORT AND RECOMMENDATIONS[1]

### I.  <u>Introduction</u>

Plaintiff James Richard Johnson, a resident of Kettering, Ohio, brings this present case *pro se* under 42 U.S.C. §§1983 and 1985.  He claims that Defendants conspired to deprive him of his liberty without due process of law, denied his right to equal protection, and impeded his right to justice in violation of the 5th and 14th Amendments to the U.S. Constitution.  He also raises many other claims most under state law plus a claim of fraud in violation of 18 U.S.C. §1341.  He names 5 Defendants: Greene County Juvenile Court Judge Robert W. Hutcheson; Greene County Juvenile Court Deputy Clerk L.G.; Greene

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

County Juvenile Court Magistrate David L. Pendry; Greene County Child Support

Enforcement Agency (CSEA) Administrator Monika Talkington; and Greene County

Assistant Prosecutor Anu Shamar.

The Court previously granted Plaintiff's Application to Proceed *in forma pauperis*

under 28 U.S.C. §1915.  The case is presently before the Court for a *sua sponte* review to

determine whether his complaint, or any portion of it, must be dismissed because it is

frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against an

immune defendant.  *See* 28 U.S.C. §1915(e)(2); *see, e.g., Anson v. Corr. Corp. of Am.*,

529 Fed. App'x 558, 559-60 (6th Cir. 2013).  "A complaint is frivolous only if the

plaintiff fails to present a claim with 'an arguable basis either in law or in fact.'"  *Brand v.*

*Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting, in part, *Neitzke v. Williams,* 490 U.S.

319, 325 (1989)).  A complaint lacks an arguable legal basis when it presents

"indisputably meritless" legal theories – for example, when the defendant is immune from

suit or when the plaintiff claims a violation of a legal interest which clearly does not exist.

*See Neitzke,* 490 U.S. at 327-28; *see also Brand,* 526 F.3d at 923.  A complaint lacks

arguable facts when its allegations are "fantastic or delusional."  *Brand,* 526 F.3d at 923

(quoting *Neitzke,* 490 U.S. at 327-28); *see Lawler v. Marshall,* 898 F.2d 1196, 1199 (6th

Cir. 1990).

*Sua sponte* review also requires dismissal of an *in forma pauperis* complaint, or

any portion of it, that fails to state a claim upon which relief can be granted.  28 U.S.C.

§1915(e)(2)(B)(ii); *see Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  To state

2

such a claim, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting, in part, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## II. <u>Plaintiff's Complaint</u>

The Counts advanced in Plaintiff's Complaint are mostly conclusory.  Count 1, for example, states:

> 14.  All Defendants used their positions within their respective Agencies to Defraud Johnson his personal property.
>
> 15.  Defendants committed MAIL FRAUD every time they used the U.S.P.S. to deliver FRAUDULENT legal paperwork with the INTENT to DEFRAUD Plaintiff Johnson of his personal property, or deny his RIGHTS....

(Doc. #2, *PageID* 73) (capitalization in original).  Plaintiff does not support these conclusions with any factual allegations.  Counts 2 and 3 suffer the same deficiencies. Court 3, for example, states in part that Defendants "failed to instruct, supervise, control, and discipline on a continuing basis Agents under their control in their duties to refrain from: (a) unlawfully and maliciously harassing a citizen show was acting in accordance with his constitutional and statutory rights, privileges, and immunities ...." *Id*.

Some specifics emerge in Count 4, his claim of malicious prosecution.  He states:

> Defendants initiated criminal process against the [sic] Johnson with malice.

3

> (a)     Defendants Anu Shamar played an active part in the litigation of the civil proceedings.
>
> (b)     Defendants Judge Robert W. Hutcheson, Deputy Clerk L.G., and Magistrate David L. Penry played an active role in the civil and criminal proceedings.
>
> (c)     Defendant Monika Talkington played a secondary role in the civil and criminal proceedings.

*Id*., *PageID* at 74.  Count 4 also generally explains:

> The charges were not based upon probable cause, that is the state of the facts in the mind of the prosecutor would not lead a man of ordinary caution and prudence to believe, or entertain an honest or strong suspicion that Johnson was guilty.

*Id*.  Count 5 maintains, "Defendants maliciously used a legal process to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed."  *Id*.

Counts 6 through 8 pursue claims under Ohio law.  Counts 9 and 10 assert denials of the right to justice and denials of due process in violation of the Ohio and U.S. Constitution.  Counts 12 and 13 claim violations of Ohio law.

The Exhibits Plaintiff attaches to his Complaint bring some texture to his claims. The Exhibits consist of documents related to certain proceedings that involved Plaintiff in the Greene County Court of Common Pleas, Juvenile Division.  According to these documents, Plaintiff received notice of an in-court hearing scheduled on April 28, 2015 "for the issue of contempt ...."  (Doc. #2, *PageID* 101).  Plaintiff was also notified that his failure to appear at the hearing may result in an order for his immediate arrest.  The

4

contempt hearing arose from Plaintiff's failure to satisfy his previously ordered child-support obligations. Also attached to Plaintiff's Complaint in this case is a copy of documents he filed in state court such as his "Complaint For Termination Of Child Support," his "Affidavit Of Revocation Of Signature For Good Cause," and "Demand for Dismissal Of Child Support." (Doc. #2, *PageID* 111-19).

On May 13, 2013, a Greene County Juvenile Court Magistrate issued a Decision explaining that Plaintiff appeared for his hearing on April 28, 2015. The Court found that effective March 13, 2015, "overall arrears of $14,958.47 is owed by the obligor [Plaintiff] ...." *Id*. at 121. The Court took under advisement the issues of Plaintiff's contempt and the termination of his child-support obligations and set these issues for hearing on August 25, 2015. Notice of this hearing was personally served upon Plaintiff. *Id.*

Four days before his August 25 hearing, Plaintiff apparently filed or sent the Juvenile Court several "Legal Notices," stating that he would not attend the August 25 hearing because he was removing the case from state court and was waiting for information from the Greene County Child Support Enforcement Agency. He explained that he was removing the case from state court and was waiting to receive documents he had requested from CSEA, so he could proceed in this Court. He continued:

> For this reason I will not be at the hearing on the 25th of August 2015. I REPEAT, I am not FAILING TO APPEAR, I have already informed this COURT of its UNLAWFUL ACTIONS against me a HUMAN BEING, not a STRAMINEUS HOMO, DEAD TRUST, LEGAL FICTION, or CORPORATION. There has been a CONFLICT created giving me JUST CAUSE to have this case PULLED to FEDERAL COURT.....

(Doc. #2, *PageID* 125) (capitalization in original).  Predictably, Plaintiff did not appear at the hearing on August 25, 2015.  One week later, a Judge in the Greene County Common Pleas Court found Plaintiff "in contempt of Court (2nd offense) for failure to pay child support." *Id*. at 129.  The Judge issued a capias for Plaintiff's arrest and dismissed without prejudice his Complaint for Termination of Child Support and other filings.  *Id* at 130.

Returning to the text of Plaintiff's Complaint, among the relief he seeks are compensatory and punitive damages, declaratory and equitable relief, and appropriate injunctive relief to prevent retaliation or "malicious prosecution of the continuous ongoing child support case ...."  (Doc. #2, *PageID* 47-48).  Perhaps the nub of this matter appears in his final requests for relief.  He seeks dismissal with prejudice of "State of Ohio case #706...," *id*. at 80, presumably the child-support case from which this case emerged.  He also seeks an Order providing "that all contracts with the Defendants be deemed null and void."  *Id*.

## III.   Analysis

Plaintiff's complaint and his attached Exhibits do not raise fantastic or delusional facts; they instead raises allegations against existing entities and various people.  It is therefore not subject to dismissal as factually frivolous.  *See Jones v. Schmaker*, 1999 WL 1252870 at *1 (6th Cir. 1999) ("Examples of claims lacking rational facts include a prisoner's assertion that Robin Hood and his Merry Men deprived prisoners any access to legal texts." (citing *Lawler*, 898 F. 2d at 1198-99)); *cf. Iqbal*, 556 U.S. at 696 (Souter, J.,

dissenting) (courts need not accept as true "allegations that are sufficiently fantastic to deny reality as we know it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel.").

Accepting Plaintiff's allegations as true and liberally construing his *pro se* complaint in his favor, his claims are subject to dismissal for many reasons. First, the doctrine of absolute immunity bars Plaintiff's claims against Judge Hutchinson and Magistrate Pendry because the complaint and attached Exhibits show that their decisions and actions in connection with Plaintiff's child-support obligations were "paradigmatic judicial acts" performed in their judicial capacities. *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997). The doctrine of quasi-judicial immunity attaches to acts or omissions in connection with Plaintiff's case. *See Lyle v. Jackson*, 49 F. App'x 492, 494 (6th Cir. 2002) (quasi-judicial immunity applies to two clerks who allegedly failed to provide the plaintiff with requested copies of previous filings); *see also Smith v. Shelby County, Tenn.*, 3 F. App'x 436, 437-38 (6th Cir. 2001) (county court clerk was protected by absolute quasi-judicial immunity from a state prisoner's claim that the clerk had violated his rights by delaying adjudication of his petition for post-conviction relief and motion to set aside guilty pleas).

Second, Plaintiff's Complaint when considered by itself is conclusory. He repeatedly asserts violations of his constitutional rights without providing any factual information in support. His complaint merely consists of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678 (citation omitted). As a

result, his complaint fails to allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id*. (quoting, in part, *Twombly*, 550 U.S. at 570).  This remains so when Plaintiff's complaint and attached Exhibits are read liberally in his favor. At best for Plaintiff, the Exhibits document certain proceedings in state court that ended up in a contempt judgment against him.  Yet the documents show that Plaintiff was given prior notice of the hearings in April and on August 25, 2015.  He attended the April 2015 hearing.  And his Exhibits establish that he knew about the August 25th hearing, he informed the state court that he would not attend the hearing, and he did not attend the hearing.  When these facts are considered in light of Plaintiff's conclusory complaint, a reasonable inference cannot be made that Defendants violated his rights under the U.S. Constitution's Due Process Clause.  Plaintiff has therefore not raised a plausible due-process claim.  *See Morrison v. Warren*, 375 F.3d 468, 475 (6th Cir. 2004) ("An essential principle of due process is that a deprivation of property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.'" (quoting, in part, *Mullane v. Cent. Hanover Bank & Trust Co*., 339 U.S. 306, 313 (1950)).  Plaintiff's conclusory complaint and attached Exhibits likewise lack information indicating that he was treated disparately compared to similarly situated people.  Consequently, his Complaint and attached Exhibits do not raise a plausible claim under the Equal Protection Clause.  *See Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) ("the 'threshold element of an equal protection claim is disparate treatment ....'" (citation omitted)).

8

Plaintiff's federal claims suffer from other deficiencies.  Beginning with his conspiracy claim, "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983.  That pleading standard is 'relatively strict.'"  *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 563 (6th Cir.2011) (citations omitted).  Plaintiff's claims of conspiracy in Count 2 is conclusory.  He alleges that the Defendant conspired with each other to deprive Plaintiff of his constitutional rights without building a base of supporting factual allegations.   As a result, the Complaint fails to raise sufficient factual allegations to raise a plausible conspiracy claim.  *See Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003) (To support a conspiracy theory, a plaintiff must show, in part, "that an overt act was committed in furtherance of the conspiracy that caused injury to the [plaintiff]."); *see Moldowan v. City of Warren*, 578 F.3d 351, 395 (6th Cir. 2009).

Next, Plaintiff's complaint touches on domestic relations issues arising from his apparent child-support obligations.  Federal jurisdiction concerning such matters was circumscribed over 100 years ago:  "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States."  *Ex parte Burrus*, 136 U.S. 586, 593-94 (1890).  This Court therefore lacks jurisdiction over Plaintiff's complaint to the extent he seeks to contest the imposition or enforcement of child-support obligations upon him in state court.

As to CSEA Administrator Monika Talkington and Greene County Assistant

9

Prosecutor Anu Shamar, absolute immunity shields them from Plaintiff's claims because their actions in connection with Plaintiff's child-support case constituted prosecutorial acts. *See Eldridge v. Gibson*, 332 F.3d 1019, 1021-22 (6th Cir. 2003).

Lastly, Plaintiff's claim of fraud seeks to invoke a federal criminal statute, 18 U.S.C. §1341. Only the United States of America as sovereign can bring criminal charges against someone under federal criminal law and, then, only through a criminal complaint filed by the United States Attorney or by an indictment returned by a federal grand jury. Plaintiff therefore lacks standing to bring a claim under §1341.

Accordingly, for the above reasons, Plaintiff's complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2).

## IT IS THEREFORE RECOMMENDED THAT:

1.  Plaintiff's complaint be DISMISSED with prejudice pursuant to 28 U.S.C. §1915(e)(2);

2.  The Court certify under 28 U.S.C. §1915(a)(3) that Plaintiff's appeal, if any, would not be taken in good faith; and,

3.  The case be terminated on the docket of this Court.


September 28, 2015

    s/Sharon L. Ovington
Sharon L. Ovington
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).

11